IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASMINE COLLINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:25-CV-01464-SDG-AWH |
| OCWEN, CIRAS LLC, TYLER | : | |
| HENDERSON, JUNE JAMES | : | |
| LEGAL LLC, BRIARWOOD | : | |
| LEGAL, LEVERETT ERIC T. and | : | |
| DOE DEFENDANTS 1-10, | : | |
| | : | |
| Defendants | : | |

## **FINAL REPORT AND RECOMMENDATION**

This case is before the Court for review of Plaintiff's Amended Complaint, Doc. 9, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim on which relief may be granted.

## **Procedural Background**

On March 19, 2025, Plaintiff, who is proceeding *pro se*, filed an application to proceed *in forma pauperis*, Doc. 1, with a Complaint in which Plaintiff requested injunctive relief to stop a foreclosure. See Doc. 3. By Order entered March 19, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* and directed that Plaintiff's request for injunctive relief be submitted for review by

1

the District Judge. Doc. 2. On April 11, 2025, Plaintiff filed an Emergency Application For Temporary Restraining Order (TRO) And Preliminary Injunction To Halt Illegal Eviction scheduled for that day. Doc. 5. On May 1, 2025, the District Judge denied that motion as moot because "it is now well past the scheduled eviction date [of April 11, 2025]," so "the eviction has presumably already taken place." Doc. 6. The case was then referred to the undersigned pursuant to the Court's Standing Order 18-01 because Plaintiff alleged an allegedly wrongful or attempted foreclosure in her Complaint. Doc. 6 at 1-2.

The undersigned reviewed Plaintiff's Complaint, Doc. 3, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See Doc. 7. By Order entered May 5, 2025, the Court found that Plaintiff's allegations failed to state a claim for relief against these Defendants "for several reasons" and directed Plaintiff to file an amended complaint to correct the deficiencies discussed in that Order. Id. at 4-10. Plaintiff filed an Amended Complaint, Doc. 9, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## Discussion

**I.    Applicable Pleading Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the

action is frivolous, malicious, or fails to state a claim on which relief may be granted. A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555.

"Additionally, because Plaintiff [is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " Shields v. Bank of Am., No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " Id. (quoting Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010)).

## II.     Deficiencies In Plaintiff's Original Complaint

In her original Complaint, Plaintiff asserted several claims against Ocwen, Ciras LLC, Tyler Henderson, June James Legal LLC, Briarwood Legal, Leverett Eric T, Jane Doe 1-10, and John Doe 1-10 arising from an allegedly unlawful foreclosure on Plaintiff's property at 1568 Bordeaux Lane, Conyers, GA 30094. Doc. 3. Specifically, Plaintiff asserted the following claims, apparently against all Defendants as she referred to them collectively throughout her Complaint: violations of the Truth In Lending Act ("TILA") (Count I), violations of the Fair Debt Collection Practices Act ("FDCPA") (Count II); fraud (Count III); unjust enrichment (Count IV); illegal foreclosure (Count V); and violations of the Georgia Fair Business Practices Act ("GFBPA") (Count VI). The Court found that

4

Plaintiff's allegations failed to state a claim for relief against these Defendants "for several reasons":

> First, Plaintiff refers collectively to Defendants throughout her Complaint but fails to identify which claims are asserted against which Defendants, nor does she provide factual support to plausibly demonstrate what each Defendant did, or failed to do, to give rise to each of the asserted claims. See generally Doc. 3. She attaches documents to her Complaint, see Doc. 3 at 7-71, but "the Court is not required to sift through attachments to a complaint to discern whether a claim exists." Conde v. Truck Drivers & Helpers Local Union No. 728, No. 1:17-CV-00078-TWT-JCF, 2017 U.S. Dist. LEXIS 190984, at *20 (N.D. Ga. Oct. 25, 2017), adopted by 2017 U.S. Dist. LEXIS 190980 (N.D. Ga. Nov. 20, 2017).

Doc. 7 at 4. The Court found that Plaintiff provided little to no factual matter to support her claims, noting that Plaintiff "failed to provide any specific facts concerning the mortgage loan at issue, Defendants' efforts to collect on that mortgage loan, or the alleged "illegal foreclosure" of the property which secured the loan, including but not limited to the dates of the mortgage loan, the entities involved in that loan, the actions Plaintiff challenges with respect to that loan, the dates of any subsequent debt collection activity on the loan, the specific debt collection activity Plaintiff contends violates the cited statutes and who took that action, and information concerning the allegedly wrongful foreclosure of her property, including the dates of any notices of that foreclosure, which Defendants were involved in the foreclosure, the date the foreclosure took place, and facts supporting her contention that the foreclosure was wrongful." Doc. 7 at 4-5.

The Court also found that Plaintiff accused Defendants "of wrongdoing with no supporting factual allegations." Id. at 5. For example, Plaintiff alleged that she "entered into a mortgage agreement with Defendants, expecting the terms to be lawful and transparent," but "Defendants misrepresented the terms of the mortgage, including the interest rate, payment schedule, and the true nature of the loan" and "failed to provide accurate disclosures as required by TILA, including the total cost of the loan and the identity of the true creditor." Doc. 3 at 71. But Plaintiff failed "to identify the date on which she entered the mortgage agreement, with whom she entered that agreement, how the terms were misrepresented, which disclosures were not provided, and what facts plausibly support her allegations that those terms were misrepresented and that disclosures were not provided." Doc. 7 at 5-6. The Court found that the rest of Plaintiff's "Factual Allegations" consisted of similar conclusory allegations of wrongdoing devoid of factual enhancement. Id. at 6.

The Court also observed that "many of Plaintiff's allegations in support of her claims are the same as those that have been repeatedly rejected by the Courts," including "challenges to the securitization of her mortgage, i.e., the selling of her mortgage to an investment pool without notifying Plaintiff, which, according to Plaintiff, resulted in 'Defendants' not having 'standing to foreclose because the mortgage had been securitized and sold to investors, meaning Defendants no

6

longer held the note or had the right to enforce it.' Doc. 3 at 3." Id. at 6. The Court explained that "[s]uch challenges to mortgage securitization and pooling and servicing agreements ("PSA"), splitting of the note and security deed, and lack of "standing" to foreclose are without merit." Id. at 6-7 (collecting cases). Finally, the Court found that Plaintiff failed to state a claim against Defendants Jane Doe 1-10 and John Doe 1-10 because in general, fictitious party pleading is not permitted in federal court, and because Plaintiff provided no description of these unidentified Defendants and failed to state any facts concerning what these unidentified Defendants did that gave rise to Plaintiff's claims against them. Id. at 8-9.

 Rather than recommend that Plaintiff's Complaint be dismissed for failure to state a claim on which relief may be granted, the undersigned gave Plaintiff "one opportunity to file an amended complaint to provide additional factual detail and legal support for her claims[.]" Id. at Doc. 7 at 9-10. The Court directed Plaintiff to file an amended complaint "in which she sets forth each of her claims against each Defendant separately and states the legal and factual support for each of her claims against each Defendant, taking into account the Court's discussion [in the May 5, 2025 Order] about the pleading deficiencies in her original Complaint." Id. at 10. The Court cautioned Plaintiff that "[c]onclusory allegations of wrongdoing without supporting facts are insufficient to state a claim for relief." Id.

7

### III. Plaintiff's Amended Complaint

Plaintiff asserts the following claims against Defendants in her Amended Complaint: violations of TILA, asserted against Defendants Ocwen, Ciras LLC ("Ciras"), and Doe Defendants (Count I); violations of the FDCPA, asserted against Ocwen, Ciras, and "Legal Entity Defendants" (Count II); wrongful foreclosure under Georgia law, asserted against Ciras and Doe Defendants (Count III); fraudulent misrepresentation, asserted against all Defendants (Count IV); unjust enrichment, asserted against Ciras and Ocwen (Count V); and violations of the GFPBA, asserted against all Defendants (Count VI). Doc. 9 at 2–3. Plaintiff asserts the following about the parties: Plaintiff is "the former owner of the real property located at 1568 Bordeaux Lane, Conyers, GA 30094." Id. ¶ 4. Ocwen "is believed to be a mortgage servicer or debt collector who acted to collect or enforce a mortgage loan." Id. ¶ 5. Ciras "claims to have acquired or enforced an interest in Plaintiff's mortgage loan." Id. ¶ 6. Tyler Henderson "is believed to be an agent or attorney acting on behalf of one or more Defendants during the foreclosure." Id. ¶ 7. June James Legal LLC "is a law firm involved in the legal processing of foreclosure activity." Id. ¶ 8. Briarwood Legal "was involved in communications or legal actions concerning foreclosure and debt collection." Id. ¶ 9. Leverett Eric T. "was involved in the post-default processing or enforcement of the mortgage." Id. ¶ 10. The Doe Defendants "are individuals or entities who participated in the

loan's securitization, enforcement, or foreclosure, but whose identities are currently unknown." Id. ¶ 11.

Plaintiff alleges the following "facts" in the "Factual Background" section of her Amended Complaint in support of all of her claims:

> 12. Plaintiff obtained a residential mortgage loan in good faith, expecting it to be handled lawfully and in compliance with federal and state regulations.
> 13. At some point after origination, Plaintiff's mortgage loan was transferred, sold, or securitized without notice or transparency, in violation of TILA and industry standards.
> 14. Plaintiff was never provided written notice identifying the current creditor or holder of the loan, nor of any changes in loan ownership.
> 15. Various Defendants began communicating with Plaintiff as if they had authority to enforce the loan, but failed to validate the debt or produce a clear chain of title evidencing their right to foreclose.
> 16. Assignments of the security deed were executed and recorded after the date of alleged securitization, and there is no evidence that the debt and deed were ever transferred together.
> 17. Plaintiff received conflicting information from various entities claiming to be servicers or trustees, while none produced evidence of lawful ownership or authority to collect or foreclose.
> 18. A foreclosure was initiated despite material defects in the chain of title, including missing endorsements, invalid assignments, and improper servicing.
> 19. Plaintiff was wrongfully dispossessed of her home based on a foreclosure carried out without standing, proper authority, or compliance with statutory notice requirements.
> 20. Upon information and belief, the loan was pooled with other loans into a securitized trust after the trust's closing date, rendering the transfer void under applicable laws and servicing agreements.
> 21. Defendants acted in concert to carry out the foreclosure despite their lack of legal interest in the debt or property.

Doc. 9 ¶¶ 12-21. These allegations are insufficient to support her claims against Defendants for the same reasons discussed in the Court's May 5, 2025 Order in

which it found that Plaintiff's original Complaint failed to state a claim for relief and directed Plaintiff to file an amended complaint. Doc. 7.

Plaintiff has again failed to provide any specific facts concerning the mortgage loan at issue, Defendants' efforts to collect on that mortgage loan, or the alleged "illegal foreclosure" of the property which secured the loan, including but not limited to the dates of the mortgage loan, the entities involved in that loan, the actions Plaintiff challenges with respect to that loan, the dates of any subsequent debt collection activity on the loan, the specific debt collection activity Plaintiff contends violates the cited statutes and who took that action, and information concerning the allegedly wrongful foreclosure of her property, including the dates of any notices of that foreclosure, which Defendants were involved in the foreclosure, the date the foreclosure took place, and facts supporting her contention that the foreclosure was wrongful. See generally Doc. 9. Plaintiff again appears to challenge the securitization and transfer of the security deed. She alleges that her mortgage loan "was transferred, sold, or securitized without notice or transparency, in violation of TILA and industry standards," Doc. 9 ¶ 13, but she fails to state when that occurred, who transferred or sold the loan, or to whom it was transferred or sold. Nor does she provide any facts to plausibly suggest that such a transfer violated "TILA and industry standards." Plaintiff also alleges that "the loan was pooled with other loans into a securitized trust after the trust's closing date,

10

rending the transfer void under applicable laws and servicing agreements," and "there is no evidence that the debt and deed were ever transferred together." Doc. 9 ¶¶ 16, 20. But Plaintiff fails to explain in her Amended Complaint how those alleged "facts" supports any of her claims. To the contrary, Plaintiff's challenges to the securitization of her mortgage loan, alleged violations of the pooling and servicing agreement ("PSA"), transfer of the security deed, and "splitting" of the note and deed have been rejected by the courts. See, e.g., Edward v. BAC Home Loans Serv., LP, 534 F. App'x 888, 891 (11th Cir. 2013) ("Plaintiffs are not a party to the PSA or to the challenged transfer, and therefore, do not have standing to contest the validity of the transfer under the Georgia Code"); Milner v. New Am. Funding LLC, No. 1:23-CV-4411-MHC-JSA, 2024 U.S. Dist. LEXIS 59544, at *8 (N.D. Ga. Apr. 1, 2024) (explaining that "numerous courts over the last several years have squarely rejected the patently frivolous notion that 'securitization' or nondisclosure of securitization constitutes any material credit term or gives the borrower any recourse to avoid paying their mortgage under TILA or otherwise" (collecting cases)), adopted by 2024 U.S. Dist. LEXIS 159343 (N.D. Ga. Apr. 30, 2024); Clarke v. Branch Banking & Trust Co., No. 1:12-CV-03383-JEC-RGV, 2013 U.S. Dist. LEXIS 49875, at *22 (N.D. Ga. Mar. 4, 2013) (noting that the plaintiff's "claim appears to be an attempt to repackage a 'produce the note' argument that has been repeatedly rejected by this court, and is therefore

11

due to be dismissed" (collecting cases)); Tonea v. Bank of Am., N.A., 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2013) (finding that "any claim that Plaintiff may be attempting to assert on the theory that the loan was improperly securitized or transferred to or from MERS must fail"), adopted by 6 F. Supp. 3d 1331, 1334 (N.D. Ga. 2014).

The rest of Plaintiff's conclusory allegations of Defendants' misconduct are similarly deficient because Plaintiff fails to provide facts that plausibly support her allegations. She alleges that "[v]arious Defendants began communicating with Plaintiff as if they had authority to enforce the loan, but failed to validate the debt or produce a clear chain of title evidencing their right to foreclose," and she "received conflicting information from various entities claiming to be servicers or trustees, while none produced evidence of lawful ownership or authority to collect or foreclose." Doc. 9 ¶¶ 15, 17. But Plaintiff fails to identify which Defendants communicated with her and on what date or dates, the specific communications Plaintiff contends were wrongful, which Defendants "failed to validate the debt" and when they failed to do so, and what triggered their obligation to "validate the debt. Plaintiff also alleges that a foreclosure was initiated "despite material defects in the chain of title, including missing endorsements, invalid assignments, and improper servicing," that the foreclosure was "carried out without standing, proper authority, or compliance with statutory notice requirements," and that "Defendants

12

acted in concert to carry out the foreclosure despite their lack of interest in the debt or property." Doc. 9 ¶¶ 18, 21. Plaintiff does not identify which Defendants were involved in the alleged misconduct with respect to the foreclosure or the dates they allegedly engaged in actions that support her allegations of wrongful foreclosure. And she does she describe each Defendant's specific actions or failures to act that support her contention that the foreclosure was wrongful. Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Iqbal, 556 U.S. at 678-79.

    Moreover, Plaintiff has not plausibly alleged that whatever entity foreclosed on her property did not hold the *security deed* containing a right to foreclose in the event of a default. Even if that entity did not hold the *promissory note*, that fact is immaterial. See, e.g., You v. JP Morgan Chase Bank, N.A., 293 Ga. 67, 743 S.E.2d 428, 433 (2013) (holding that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed"); LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 U.S. Dist. LEXIS 5168, at *15–18 (N.D. Ga. Jan. 18, 2011) (rejecting plaintiff's wrongful foreclosure claim based on "splitting" of note and security deed and finding that holder of security deed was authorized to exercise power of sale). Moreover, whatever entity serviced the mortgage loan

and/or notified Plaintiff of the foreclosure was not required to hold either the note or the security deed in order to act on behalf of the entity that held that security deed. See, e.g., Vieira v. Citigroup, Inc., No. 1:12-CV-1636-TWT, 2013 U.S. Dist. LEXIS 9329, at *13 (N.D. Ga. Jan. 23, 2013) ("This Court has recognized that it is 'of no consequence who actually sends the notice [of foreclosure], and that task may properly be delegated to a servicing agent[.]' " (quoting Stubbs v. Bank of Am., 844 F. Supp. 2d 1267, 1271 (N.D. Ga. 2012)).

Plaintiff's allegations set out in the "Factual Background" section of her Amended Complaint are therefore insufficient to state a claim for relief. In setting out her specific claims for relief, Plaintiff provides no additional factual support that is sufficient to state a claim on which relief may be granted. In support of her TILA claim against Ocwen, Ciras, and the Doe Defendants (Count I), Plaintiff alleges that "Defendants violated 15 U.S.C. § 1641(g) by failing to notify Plaintiff in writing within 30 days after the sale or transfer of her mortgage loan," thus depriving Plaintiff "of the ability to identify and communicate with the true creditor." Doc. 9 ¶¶ 22-23. But Plaintiff fails to provide any facts concerning such a sale or transfer, such as when the sale or transfer occurred, from what entity to what entity, or facts that show that Ocwen, Ciras, and the Doe Defendants were involved in that sale or transfer or had any obligation to provide Plaintiff with notice of the sale or transfer. Plaintiff has therefore failed to state a claim for relief

14

under TILA (Count I). In support of her FDCPA claim against Ocwen, Ciras, and the "Legal Entity Defendants" (Count II), Plaintiff alleges that they "engaged in false, deceptive, and misleading practices by claiming rights they did not possess, in violation of 15 U.S.C. §§ 1692e, 1692f," and they "failed to validate the debt after Plaintiff's requests, violating 15 U.S.C. § 1692g." Doc. 9 ¶¶ 24-25. These conclusory allegations are insufficient to state a claim under the FDCPA (Count II) in the absence of any factual detail concerning how each Defendant violated the cited sections.

Plaintiff alleges in support of her wrongful foreclosure claim against Ciras and the Doe Defendants that "Defendants wrongfully foreclosed on Plaintiff's property without holding valid title to the security deed or the underlying debt." Doc. 9 ¶ 26. That conclusory allegation is insufficient to state a claim for wrongful foreclosure and, as discussed above, Plaintiff has not alleged facts that plausibly show that the foreclosing entity did not hold a security deed authorizing foreclosure in the event of default on the mortgage loan. Thus, Plaintiff has failed to state a wrongful foreclosure claim (Count III). Plaintiff's conclusory allegations in support of her fraudulent misrepresentation (Count IV), unjust enrichment (Count V), and violation of GFBPA (Count VI) claims are similarly deficient and fail to state a claim for relief. She alleges that all Defendants "made material misrepresentations or omissions regarding their authority, loan ownership, and

15

right to foreclose, with intent to mislead Plaintiff," Doc. 9 ¶ 28, but she fails to identify which Defendants made such misrepresentations, what the specific misrepresentations or omissions were, and when they made them. And she does not allege any facts to plausibly show that any Defendant made misrepresentations or omissions "regarding their authority, loan ownership, and right to foreclose, with intent to mislead Plaintiff." Plaintiff alleges that Defendants Ciras and Ocwen "accepted payments or property to which they were not legally entitled, resulting in unjust enrichment," Doc. 9 ¶ 30, but she has alleged no facts to plausibly support that conclusory allegation. Finally, Plaintiff alleges that all Defendants "engaged in deceptive and unfair business practices in the servicing and foreclosing of Plaintiff's mortgage loan, violating O.C.C.G. § 10-1-393 [the GFBPA]," Doc. 9 ¶ 31, but she fails to allege facts that show how and when each Defendant violated the GFBPA. Thus, Plaintiff has failed to state a claim for relief for fraudulent misrepresentation (Count IV), unjust enrichment (Count V), and violation of the GFBPA (Count VI).

Plaintiff has failed to correct the pleading deficiencies described in the Court's May 5, 2025 Order, Doc. 7, and her Amended Complaint fails to state a claim for relief, even liberally construing her allegations.[1] See Washington v. CSX

---

[1] The Court notes that Plaintiff attached to her Amended Complaint her Affidavit, Doc. 9 at 5, and a "Brief in Support of Plaintiff's Amended Complaint," id. at 6–8.

16

Transp. (R.R.), No. CV408-247, 2009 U.S. Dist. LEXIS 12903, at *4–5 (S.D. Ga. Mar. 9, 2009) ("[T]he Twombly pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims."). It is therefore **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### Summary

It is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Clerk is directed to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this 4th day of June, 2025.

_____
Anna W. Howard
United States Magistrate Judge

---

Neither of those documents provides additional factual support for her claims or demonstrates that Plaintiff's Amended Complaint states a claim for relief.